IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Marie Hansen,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV 08-8151-PCT-GMS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Karen Marie Hansen. Doc. #1. Following a jury trial in Yavapai County Superior Court in 2005, Petitioner was convicted of one count of fraudulent schemes and artifices and one count of theft. Doc. #9, Exh. I at 3-4. On April 27, 2005, Petitioner was sentenced to concurrent, aggravated terms of twelve years for each conviction. Id. at 4. Petitioner was also ordered to pay restitution of $65,466.03. Id. Petitioner then filed a timely notice of appeal. Id.

On January 3, 2006, Petitioner's counsel filed an Opening Brief pursuant to Anders v. California, 386 U.S. 738 (1967) in which he stated that after searching the record he found no arguable question of law. Doc. #9, Exh. B at 3. Counsel then asked the Arizona Court of Appeals to allow Petitioner to file *pro se* supplemental brief, which the Court granted.

Doc. #9, Exh. C. Petitioner filed a Supplemental Brief on May 17, 2006. Doc. #9, Exh. G. On May 8, 2007, the Arizona Court of Appeals issued a Memorandum Decision in which it affirmed Petitioner's convictions and sentences. Doc. #9, Exh I at 9. Petitioner's subsequent Petition for Review to the Arizona Supreme Court was denied on November 29, 2007. Doc. #9, Exh. J, K. Petitioner asserts that she also filed a petition for writ of certiorari in the United States Supreme Court but that the time to do so had expired. Doc. #1 at 3.

On November 24, 2008, Petitioner filed her habeas petition in this court. Petitioner alleges two grounds for relief: 1) that her right to due process was violated when she and her lawyer were not afforded the right to interview the "corporate victims" prior to trial; and 2) that her right to due process was violated when the trial court allowed a convicted felon whose civil rights had not been restored to sit on the jury panel. Doc. #1 at 7. Judge Snow screened the petition and directed Respondents to file an answer. Doc. #4. Respondents filed an Answer to Petition for Writ of Habeas Corpus on January 12, 2009. Doc. #9. Petitioner then filed a Response and Objection to Respondents' Answer on July 2, 2009. Doc. #17.

**DISCUSSION**

Respondents concede that Petitioner exhausted her claims in the state court. They argue, however, that Petitioner's claims do not allege federal constitutional violations and that Petitioner has not satisfied the standard for habeas relief.

**A.  AEDPA Standard of Review**

Under the AEDPA[1], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

---

[1] Antiterrorism and Effective Death Penalty Act of 1996.

concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

"Clearly established Federal law" in § 2254(d)(1) refers to the holdings of the Supreme Court's decisions (not dicta) in effect at the time the relevant state court decision is issued. Lockyer, 538 U.S. at 71-72. "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court." Thaler v. Haynes, 130 S.Ct. 1171 (2010)

**B.     Ground One**

Petitioner alleges in her first claim for relief that her right to due process was violated when she and her counsel were not afforded the "state and federal constitutional" right to interview "corporate victims" before the trial. Petitioner presents no additional facts or argument in her petition to support her claim, other than multiple attachments from the state court record. Whether a state constitutional right to conduct pretrial interviews of victims exists is not relevant to a federal habeas petition. See 28 U.S.C. § 2254(a). The court will, therefore, only consider Petitioner's claim of a federal constitutional violation.

1 | The Arizona Court of Appeals addressed Petitioner's federal constitutional claim in
2 | its Memorandum Decision. Doc. #9, Exh. I at 6-7. Citing Pennsylvania v. Ritchie, 480 U.S.
3 | 39, 52-53 (1987), the Court of Appeals explained that "the constitutional right to confront
4 | one's accusers does not extend to pretrial interviews or depositions." Doc. #9, Exh. I at 6.
5 | The Court further explained that under Weatherford v. Bursey, 429 U.S. 545, 559 (1977),
6 | there is "no general constitutional right to pre-trial discovery." Id. The Court of Appeals
7 | therefore found no violation of Petitioner's due process rights based on the inability to
8 | conduct pretrial interviews of the corporate victim in this case. Id.

Petitioner has presented nothing to show that the Court of Appeals decision is contrary to or an unreasonable application of clearly established Supreme Court law. The Court of Appeals cited two U.S. Supreme Court cases to support its conclusion that Petitioner had no federal constitutional right to conduct pretrial interviews of the victim. Petitioner has not argued that the Court of Appeals misapplied those cases or that it failed to consider other applicable cases. Nor has she cited any U.S. Supreme Court law showing she does have a federal constitutional right to conduct pretrial interviews of victims. Having failed to present anything to satisfy the standard for federal habeas relief, the court will recommend that this claim be denied.

**C.    Ground Two**

In her second claim, Petitioner argues that the trial court allowed a convicted felon whose civil rights had not been restored to sit on the jury panel and that the jury questionnaires were destroyed before the Arizona Court of Appeals granted Petitioner's request on direct appeal that they be produced. Petitioner claims these actions violated her right to due process.

The Arizona Court of Appeals identified and addressed the following claim: "[Petitioner] further contends that there was suppression and destruction of favorable evidence and that biased persons were allowed to sit on the jury." Doc. #9, Exh. I at 7. Presumably, the Court was referring to the allegations Petitioner now raises in ground two.

The Court found that the record does not support these allegations and it denied the claim. Doc. #9, Exh. I at 7.

Petitioner fails to present any argument in her petition to show that the Arizona Court of Appeals decision on this issue was contrary to or an unreasonable application of clearly established Supreme Court law. In her reply, Petitioner cites state law regarding a prohibition against convicted felons from serving on a jury without having their civil rights restored. Petitioner fails to cite any clearly established U.S. Supreme Court law that supports her claim and the court is aware of none. Having failed to satisfy the federal habeas standard with respect to her allegations in ground two, the court will recommend that ground two be denied.

**D.     Conclusion**

Having determined that Petitioner has failed to satisfy the standard for habeas relief on each of her two grounds for relief, the court will recommend that the petition for writ of habeas corpus be denied and dismissed with prejudice.

`**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and

Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 25th day of March, 2010.

Edward C. Voss
United States Magistrate Judge