**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Marie Hansen,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CV-08-8151-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Karen Marie Hansen. (Dkt. # 1.) On March 25, 2010, Magistrate Judge Edward C. Voss issued a Report and Recommendation ("R & R") in which he proposed that the Court deny and dismiss the habeas petition with prejudice. (Dkt. # 19.) Ms. Hansen filed Written Objections to the R & R on April 26, 2010 (Dkt. # 22); however, because Ms. Hansen's Objections are without merit, the Court accepts the R & R as set forth below.[1]

**BACKGROUND**

In 2005, Ms. Hansen was convicted on one count of fraudulent schemes and artifices and one count of theft in Yavapai County Superior Court. (Dkt. # 9, Ex. I at 3–4.) Pursuant to these convictions, the trial court sentenced Ms. Hansen to concurrent terms of twelve years

---

[1] When Ms. Hansen filed the instant action, Dora Schriro was the Director of the Arizona Department of Corrections. Charles L. Ryan has now replaced Respondent Schriro as Director. Pursuant to Federal Rule of Civil Procedure 25(d), Charles L. Ryan is substituted as a Respondent to this action in place of Dora Schriro.

imprisonment. (*Id.* at 4.) Following an unsuccessful appeal of her convictions and sentence, Ms. Hansen filed the instant habeas petition in which she raises two grounds for relief: (1) that the state trial court violated her due process rights because the court did not allow her to interview "corporate victims" prior to trial; and (2) that her due process rights were violated when the trial court allowed a convicted felon, whose civil rights had not been restored, to sit on her jury.

## STANDARD OF REVIEW

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carrillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003)), no such review is necessary when the parties do not raise objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp. at 1076 (same).

## DISCUSSION

Upon *de novo* review of the portions of the R & R to which Ms. Hansen has objected, the Court concludes that her Objections are without merit. Under the Antiterrorism and Effective Death Penalty Act of 1996, federal courts may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and

'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Each of Ms. Hansen's habeas claims fail to overcome this "highly deferential" standard.

## I. The Due Process Clause Does Not Provide Criminal Defendants With a Right to Conduct Pretrial Discovery.

"[T]he Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded[.]" *Wardius v. Oregon*, 412 U.S. 470, 473 (1973). The Supreme Court has further made clear that "'there is no general constitutional right to discovery in a criminal case, and *Brady* [*v. Maryland*, 373 U.S. 83 (1963)], which addressed only exculpatory evidence, did not create one[.]'" *Gray v. Netherland*, 518 U.S.152, 168 (1996) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (alterations omitted)); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (holding that the right to confront and cross-examine is a trial right designed to prevent restrictions on questions during cross-examination; it does not create a right to pretrial discovery).

Accordingly, to the extent that Ms. Hansen asserts that her due process rights were violated when the state trial court prohibited her from conducting pre-trial interviews of "corporate victims," the Supreme Court's holdings in *Netherland*, *Weatherford*, and *Ritchie*, demonstrate that Arizona's adjudication of her claims did not result in a decision that was contrary to, or consisted of an unreasonable application of, clearly established federal law. And while Plaintiff attempts to distinguish these cases because the instant action involves "corporate victims," rather than individual victims or witnesses, this is a distinction without a difference. The Supreme Court's rulings are clear: "'[T]here is no general constitutional right to discovery in a criminal case[.]" *See Netherland*, 518 U.S. at 168.

Ms. Hansen's reliance on Arizona state law in her Written Objections does not alter this analysis. As the Ninth Circuit recently reiterated, "'[A]lleged errors in the application of state law are not cognizable in federal habeas corpus.'" *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)).

1  Accordingly, to the extent that Ms. Hansen requests habeas relief on the basis of the trial
2  court's alleged violation or misapplication of the Arizona Constitution and Arizona statutes,
3  these allegations cannot serve as the basis for federal habeas relief. *See id.*

## II. The Due Process Clause Does Not Require a Jury Composed of Non-Felons.

The United States Constitution does not create a due process right to a jury free from felons. *Coleman v. Calderon*, 150 F.3d 1105, 1117 (9th Cir. 1998), *overruled on other grounds by* 525 U.S. 141 (1998). While Arizona law prohibits convicted felons from serving on a jury, *see Arizona v. Bojorquez*, 111 Ariz. 549, 555, 535 P.2d 6, 12 (1975), "this does not create a liberty interest protected by the Constitution." *Coleman*, 150 F.3d at 1117. According to the Ninth Circuit, a state-law right "to a jury of non-felons is not so fundamental that it affects 'the substantial rights of the accused.'" *Id.* (quoting *Kohl v. Lehlback*, 160 U.S. 293, 302 (1895)). "Accordingly, [Ms. Hansen] was not denied due process because a felon served on h[er] jury." *Id.* (upholding conviction even though the convicted felon was the jury foreman); *see also United States v. Boney*, 977 F.2d 624 (D.C. Cir. 1992) ([T]he Sixth Amendment guarantee of an impartial trial does not mandate . . . invalidation of every conviction reached by a jury that included a felon.") (citations omitted).[2]

Furthermore, the Supreme Court has stressed that the touchstone of the guarantee of an impartial jury is a protection against juror bias. *See, e.g.*, *McDonough Power Equip. Inc. v Greenwood*, 464 U.S. 548, 554 (1984). In this case, there are no facts suggesting that one of Ms. Hansen's jurors, whether a felon or not, was biased. And though bias can be presumed in "extraordinary circumstances," *see Green v. White*, 232 F.3d 671, 676 (9th Cir. 2000), a juror's prior felony conviction does not provide a sufficient basis to presume bias. *See*

---

[2]Ms. Hansen relies on *Taylor v. Louisiana*, 419 U.S. 522 (1975), for the proposition that the Constitution guarantees a right to a jury without convicted felons. That case, however, does not support Ms. Hansen's argument. Instead, the Supreme Court's decision in *Taylor* stands for the proposition that the Sixth Amendment secures the right to be tried by an impartial jury selected from a fair cross section of the community. *Id.* at 528.

1  *Coleman*, 150 F.3d at 1117; *Young v. United States*, 694 A.2d 891, 896 (D.C. 1997) ("[F]elon status, alone, does not necessarily imply bias."*); but see Green*, 232 F.3d at 676 (presuming bias because the juror's "pattern of lies and misbehavior had created 'destructive uncertainties' about his ability to serve as an impartial juror") (citation omitted).

Regardless, even if Ms. Hansen did have a constitutional right to have a jury comprised of non-felons, she does not present any facts suggesting that there actually was a convicted felon on her jury. Ms. Hansen speculates that a felon served on her jury because when she requested the juror questionnaires from her trial, she learned that those questionnaires had been destroyed. According to Ms. Hansen, the destruction of the questionnaires supports an inference that a felon served on the jury that convicted her. Ms. Hansen's argument, however, is not supported by the record. There is no evidence that the questionnaires were destroyed to conceal the presence of a felon on Ms. Hansen's jury. Instead, the record indicates that Yavapai County Superior Court routinely destroys juror questionnaires ninety days after the trial ends pursuant to Arizona Revised Statute § 21-314(b), which specifically authorizes the state court to "destroy the fully answered questionnaire[s] ninety days after" they are received. (*See* Dkt. # 17, Ex. I.). Additionally, when Ms. Hansen's attorney requested a copy of the questionnaires, he specifically stated that he had "reviewed the transcript of jury selection and found no indication that any juror had a felony conviction." (Dkt. # 17, Ex. G.)

**IT IS THEREFORE ORDERED**:

1. Charles L. Ryan is substituted as a Respondent to this action in place of Dora Schriro. The Clerk of the Court is directed to amend the docket to reflect this substitution.

2. Judge Voss's R & R (Dkt. # 19) is **ACCEPTED**.

3. Ms. Hansen's Petition for Writ of Habeas Corpus (Dkt. # 1) is **DENIED** with prejudice.

4. A certificate of appealability is **DENIED** because Ms. Hansen has not made a substantial showing of the denial of a constitutional right.

5. The Clerk of the Court is directed to **TERMINATE** this action.

DATED this 16th day of June, 2010.

_____
G. Murray Snow
United States District Judge